# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: August 13, 2014

* * * * * * * * * * * * * *
CYNTHIA LA LONDE, parent of      *      UNPUBLISHED
M.L., a minor,      *      No. 06-435V
     *
     Petitioner,      *      Special Master Dorsey
     *
v.      *
     *      Attorneys' Fees and Costs;
SECRETARY OF HEALTH      *      Reasonable Amount Requested to which
AND HUMAN SERVICES,      *      Respondent Does not Object.
     *
     Respondent.      *
     *
* * * * * * * * * * * * * *

Curtis R. Webb, Twin Falls, ID, for petitioner.
Linda S. Renzi, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On June 1, 2006, Cynthia La Londe ("petitioner") filed a petition on behalf of her minor son, M.L., pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that M.L. suffered vaccine related injuries "which were 'caused-in-fact'" by the Diphterhia-Tetanus-acellular Pertussis (DTaP) vaccine that was given to him on April 14, 2005. *See* Petition at 1. On September 12, 2012, a decision was entered denying petitioner's claim for compensation. A motion for review was filed on October 12, 2012. The motion for review was denied and the Special Master's decision denying compensation was sustained on March 8, 2013. Petitioner filed an appeal with the United States Court of Appeals for the Federal Circuit on May 28, 2013, and the decision below was affirmed.

On August 13, 2014, the parties filed a Stipulation of Facts Concerning Attorneys' Fees

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

1

and Costs. According to the stipulation, the parties stipulate to a total award to petitioner of attorneys' fees and costs in the amount of $137,835.00, with $47,835.00, being awarded to Mr. Curtis Webb, and $90,000.00, being awarded to petitioner's former counsel, Mr. Ronald C. Homer. In accordance with General Order #9, petitioner's counsel represents that petitioner did not advance any reimbursable costs in pursuit of her claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Curtis R. Webb, in the amount of **$47,835.00**, and

(2) in the form of a check jointly payable to petitioner and to petitioner's former attorney, Ronald C. Homer, in the amount of **$90,000.00**,

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

   **IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.